IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

WILLIAM HUEBENER,

    Plaintiff,

v.

NELSON, WATSON & ASSOCIATES, LLC,

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, WILLIAM HUEBENER ("Plaintiff"), is a natural person who at all relevant times permanently resided in the State of Florida, County of Pinellas, and City of St. Petersburg.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NELSON, WATSON & ASSOCIATES, LLC ("Defendant") or ("NWA") is a limited liability company who at all relevant times was engaged, by use of the

mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant, via its agent and/or employee "Justin Stone," called Plaintiff's cellular telephone on June 22, 2011 at 7:08 P.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

12. In Defendant's voicemail message of June 22, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

13. Defendant, via its agent and/or employee "Justin Stone," called Plaintiff's cellular telephone on June 25, 2011 at 9:56 A.M., and at such time, left a voicemail message in which Defendant failed to disclose Defendant's true corporate or business name to Plaintiff.

14. In Defendant's voicemail message of June 25, 2011, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

18. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of September, 2011.

> Respectfully submitted,
> **WILLIAM HUEBENER**
>
> By: s/ Alex D. Weisberg
> ALEX D. WEISBERG
> FBN: 0566551
> WEISBERG & MEYERS, LLC
> ATTORNEYS FOR PLAINTIFF
> 5722 S. Flamingo Rd, Ste. 656
> Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@attorneysforconsumers.com